IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**HOMER DAVID SARTIN**,

    Petitioner,

v.

**STATE OF OREGON**,

    Respondent.

Case No. 3:18-cv-2005-JE

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on April 18, 2022. Judge Jelderks recommended that this Court deny Petitioner's petition for writ of habeas corpus and decline to issue a certificate of appealability.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendation to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection, to which Respondent responded. Petitioner objects to Judge Jelderks' conclusions that Petitioner had not received ineffective assistance of counsel, that the Oregon courts had not unreasonably applied federal law to Petitioner's claims, and that Petitioner's petition should be denied. Petitioner offers no bases or argument for these objections but simply identifies Judge Jelderks' findings and conclusions and states that he objected to them. General objections to findings and recommendation do not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)"). The Court therefore reviews those portions of the Findings and Recommendation for clear error. The Court finds no such error.

PAGE 2 – ORDER

Petitioner also objects to Judge Jelderks' recommendation that the Court decline to issue a certificate of appealability. Petitioner contends that the Findings and Recommendation overstate the burden for appealability. The Findings and Recommendation states that the Court should not issue a certificate of appealability because "petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2)." ECF 50, at 13. Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." The Findings and Recommendation do not overstate the standard. The Court agrees that Petitioner has not made a substantial showing of the denial of a constitutional right.

The Court ADOPTS Judge Jelderks' Findings and Recommendation, ECF 50. The Court declines to issue a certificate of appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 23rd day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
